No. 23-55258

IN THE

# United States Court of Appeals

**For the Ninth Circuit**
_____

JANE DOE,
Plaintiff/Appellant,

vs.

COUNTY OF ORANGE, *et al.*,
Defendants/Appellees.
_____

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
JOHN W. HOLCOMB, U.S. DISTRICT COURT JUDGE
U.S.D.C. No. 8:20-cv-00322-JWH-GJS

**OPPOSITION TO APPELLANT'S MOTION TO EXCEED TYPE-VOLUME LIMITATION**
_____

COLLINS + COLLINS LLP
MICHAEL L. WRONIAK; mwroniak@ccllp.law
DAVID C. MOORE; dmoore@ccllp.law
REBECCA J. CHMURA; rchmura@ccllp.law
750 The City Drive, Suite 400
Orange, CA 92868
Telephone: (714) 823-4100
Attorneys for Appellees
COUNTY OF ORANGE, et al.

Appellees County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively "County") hereby oppose Appellant's "motion to exceed type-volume limitation." Appellant's motion fails to present "extraordinary and compelling circumstances" that would justify exceeding the 14,000 word count limit set forth in Circuit Rule 32-1(a).

## 1. THE MOTION FAILS TO ESTABLISH "EXTRAORDINARY AND COMPELLING NEED" FOR AN OVERLENGTH BRIEF

This Court "disfavors motions to exceed the applicable page or type-volume limits." *See* 9th Cir. R. 32-2(a). Circuit Rule 32-2(a) states in pertinent part that "[e]xcept in capital cases, such motions will be granted only upon a showing of ***diligence and extraordinary and compelling need***, such as in a multi-defendant criminal case involving a lengthy trial." *Id.* (emphasis added).

The Circuit Advisory Committee Note to Rule 32-2 reiterates and emphasizes the requirement that a motion to exceed the word limit "will not be granted absent ***extraordinary and compelling circumstances***." *See* 9th Cir. R. 32-2 advisory committee's note (2023) (emphasis added). As the Note aptly observes:

> The Court already provides more generous word limits than provided by [the Federal Rules of Appellate Procedure] and most other Circuits. In almost all cases, the limits provided suffice even for multiple or complex issues. Most overlength briefs could be shorter and unnecessarily burden the Court.

*Ibid.*

In sum, parties "should be able to brief a case within the length limits in virtually all of their appeals." C. Goelz, et al., *Federal Ninth Circuit Civil Appellate Practice* ¶ 8:468.1 (Rutter Group 2023). Only in the most

"extraordinary and compelling circumstances" is an overlength brief justified. Appellant's motion fails to satisfy that stringent standard.

None of the grounds advanced in Appellant's motion, either singly or collectively, amounts to "extraordinary and compelling circumstances." Appellant notes that her pleading asserted seventeen causes of action. (Dkt. No. 4-1, p. 2.) But as the Advisory Committee's Note observes, the word limits suffice even for multiple or complex issues. Furthermore, many of the claims in question are essentially duplicative of other claims (e.g., state law constitutional claims that mirror federal claims) and do not warrant separate discussion in the brief. The reference to the pleading containing seventeen claims is therefore a "red herring."

Appellant references the "complexity of [the] legal issues" (*see* Dkt. No. 4-1, p. 2), but fails to explain how or why the issues in this case are legally complex. In fact, they are not. This case involves federal and state constitutional claims relating to asserted jail conditions – there is nothing in this lawsuit or the pending appeal that this Court has not encountered many times previously.

This appeal does not involve a lengthy trial, which might, under certain circumstances, warrant an overlength brief. *See* 9th Cir. R. 32-2(a). Rather, this appeal stems from a summary judgment motion.

Appellant also claims that the case involves "matters of first impression" for this Court (*see* Dkt. No. 4-1, pp. 2-3), but this assertion is false. Appellant has merely framed the issues in an argumentative and one-sided way in an attempt to make it appear that her issues are novel. In fact, though, even a cursory review of her proposed brief demonstrates that the issues are relatively common ones relating to strip searches, cell searches, jail conditions, and related state law torts. It bears

2

repeating that the word limits suffice even for multiple or complex legal issues. *See* 9th Cir. R. 32-2 advisory committee's note (2023).

Next, Appellant conclusorily asserts that "[f]ull and fair litigation of all the issues is critical . . ." and that this case "raises significant matters" involving individual liberties in the context of pretrial detention. None of this demonstrates "extraordinary and compelling" need as required under Circuit Rule 32-2(a).

Finally, Appellant claims she has "worked diligently" to edit the brief to eliminate details and repetitive argument. Dkt. No. 4-1, p. 3. But if Appellant had truly been diligent in her editing, the brief would comply with the applicable word limit. A quick perusal of the brief reveals that unnecessary details and repetitive argument still permeate it.

**2.  CONCLUSION**

The motion wholly fails to establish the required "extraordinary and compelling" circumstances that might otherwise justify an overlength brief. This Court should therefore deny the motion and require Appellant to file a brief that complies with this Court's rules. In the unlikely event this Court is inclined to grant Appellant's motion, the Appellees respectfully request that they be given like consideration and permitted to file an answering brief with a similarly-extended word limit so that they can adequately address all issues raised by Appellant in her

///

///

///

///

proposed opening brief.

DATED: June 23, 2023     Respectfully submitted,

COLLINS + COLLINS LLP

By: /s/ David C. Moore
    DAVID C. MOORE
    Attorneys for Appellees
    COUNTY OF ORANGE, DON BARNES, WILLIAM BAKER, JOE BALICKI, MARK STICHTER, REYNA RIVERA, DEVONNA FALCONER, KASSANDRA MAYER, ELIA RODRIGUEZ, and RACHEL ADDINGTON

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                )
                                    ) ss.
County of Los Angeles.              )

      I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

      On this date, I served the foregoing document described as **OPPOSITION TO APPELLANT'S MOTION TO EXCEED TYPE-VOLUME LIMITATION** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Jane Doe
Courtproceeding9@gmail.com

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **June 23, 2023** at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                         **/s/ Nelly Verdugo**
                                         --------------------------------------------------------------------------------
                                         NELLY VERDUGO