No. 23-55258

---

IN THE

# United States Court of Appeals
### For the Ninth Circuit

---

JANE DOE,
Plaintiff/Appellant,

vs.

COUNTY OF ORANGE, *et al.*,
Defendants/Appellees.

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
JOHN W. HOLCOMB, U.S. DISTRICT COURT JUDGE
U.S.D.C. No. 8:20-cv-00322-JWH-GJS

---

**APPELLEES' MOTION TO STRIKE PORTION
OF OPENING BRIEF; DECLARATION OF
REBECCA J. CHMURA**

---

Michael L. Wroniak, Esq.
David C. Moore, Esq.*
Rebecca J. Chmura, Esq.*
COLLINS + COLLINS LLP
790 E. Colorado Boulevard, Suite 600
Pasadena, CA 91101
(626) 243-1100 – Fax: (626) 243-1111
dmoore@ccllp.law
mwroniak@ccllp.law
rchmura@ccllp.law

Attorneys for Defendants/Appellees,
Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter,
Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington

1

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington are individuals, and the County of Orange is a public entity.

DATED: Nov. 29, 2023                     COLLINS + COLLINS LLP


By: _____
DAVID C. MOORE
MICHAEL L. WRONIAK
REBECCA J. CHMURA
Attorneys for Defendants/Appellees
COUNTY OF ORANGE; DON
BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER;
REYNA RIVERA; DEVONNA
FALCONER; KASSANDRA MAYER;
ELIA RODRIGUEZ; RACHEL
ADDINGTON

## REQUESTED RELIEF

By this motion, Appellees County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington, (collectively, "Defendants") seek an order pursuant to Federal Rules of Appellate Procedure 10(a)(1) and 27(a)(1) and Ninth Circuit Rule 10-2 striking the "appendix" portion of the opening brief (and the document contained therein) filed by Appellant Jane Doe ("Doe") on the ground that the document contained in the appendix was not filed with the District Court below or admitted into evidence, and thus is not properly part of the record on appeal. Specifically, Defendants seek an order:

1. Striking pages 78-81 of Doe's Opening Brief.

## APPELLEES' MOTION TO STRIKE PORTION OF APPELLANT'S OPENING BRIEF

The document contained in the "Appendix" to Doe's opening brief is improper because it was not filed with the District Court or admitted into evidence below. It should therefore be stricken.

A fundamental limitation of appellate review is that appellate courts "consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). "Litigants who disregard this process impair [the Court's] ability to perform [its] appellate function." (*Lowry, supra,* 329 F.3d at 1024. And even when those rare "exceptions to the general rule" apply, "[o]nly the court may supplement the record." *Id.* It is a "basic tenet of appellate jurisprudence…that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Id.* (quoting *Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir. 1994)). This rule is universal. On appeal of a motion for summary judgment, courts generally consider only the record that was before the district court. *United States v. W.R. Grace*, 504, F.3d 745, 766 (9th Cir. 2007).

Pursuant to Federal Rule of Appellate Procedure 10(a)(1) and Ninth Circuit Rule 10-2, the record consists of the original papers and exhibits filed in the district court, the transcript of proceedings, and a certified copy of the docket entries. Consequently, "[p]apers not filed with the district court or admitted into evidence by

that court are not part of the record on appeal." *Kirshner v Uniden Corp of Am*, 842 F 2d 1074, 1077 (9th Cir. 1988); see also *Barcamenca Int'l USA Trust v Tyfield Importers, Inc.*, 289 F 3d 589, 594 (9th Cir. 2002).

Doe's appendix and the document contained therein violate Rule 10(a)(1) and Ninth Circuit Rule 10-2 because the document was not filed below and was not admitted into evidence below. (*See* Chmura Decl., ¶ 3.) Therefore, the appendix and the document should be stricken and not considered by this Court.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court strike and not consider pages 78-81, the "Appendix," of Doe's Opening Brief.

DATED: Nov. 29, 2023                    COLLINS + COLLINS LLP

By: _____
DAVID C. MOORE
MICHAEL L. WRONIAK
REBECCA J. CHMURA
Attorneys for Defendants/Appellees
COUNTY OF ORANGE; DON
BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER;
REYNA RIVERA; DEVONNA
FALCONER; KASSANDRA MAYER;
ELIA RODRIGUEZ; RACHEL
ADDINGTON

5

## DECLARATION OF REBECCA J. CHMURA

I, Rebecca J. Chmura, declare as follows:

1. I make this declaration in support of Appellees County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington's (collectively "Appellees") Motion to Strike the "Appendix" portion of the Opening Brief (and the document contained therein) filed by Appellant Jane Doe ("Doe").

2. I am an attorney licensed to practice in California and in the Ninth Circuit. I am an associate in the law firm of Collins + Collins LLP, which represents the Appellees in this action. I have personal knowledge as to the matters declared herein.

3. I have reviewed the files in this matter compiled by my firm as well as the document contained in the "Appendix" to Doe's opening brief. To the best of my knowledge, the document was never filed in the District Court and/or admitted into evidence in the District Court in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 28th day of November

at Orange, California.

By: _____
REBECCA J. CHMURA

## CERTIFICATE OF SERVICE

I hereby certify that on, November 29, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED: November 29, 2023

_____
NELLY VERDUGO